# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**                                           **Case No. 14-CR-246**

**DEJUAN MAYFIELD**
    **Defendant.**

## DECISION AND ORDER

The government charged defendant Dejuan Mayfield with distribution of heroin resulting in death. Defendant filed a motion to suppress evidence recovered from cellular telephones seized from him by Waukegan, Illinois police officers. The Illinois officers transferred the phones to a West Allis, Wisconsin police officer, who subsequently obtained a search warrant from a Wisconsin court. Defendant argued that the transfer of his property from one jurisdiction to another without proper authorization violated his constitutional rights. The magistrate judge handling pre-trial proceedings in this case recommended that the motion be denied, and defendant objects. My review is de novo. Fed. R. Crim. P. 59(b).

Defendant does not challenge the initial seizure of the phones by the Illinois officers or the search of the phones pursuant to the warrants issued in Wisconsin. Rather, relying on an Illinois forfeiture statute, 720 ILCS 570/505(d), he contends that the officers violated his due process rights by transferring the phones to another jurisdiction without his consent or the authorization of an Illinois court or state's attorney. Cf. Martin v. Indiana State Police, 537 F. Supp. 2d 974, 987 (S.D. Ind. 2008) (finding violation of Indiana law where state officers transferred money seized pursuant to state search warrant to federal authorities for forfeiture

without state court authorization).

This is a not forfeiture case, and in any event, as the Martin court explained, "a violation of state law does not necessarily amount to a federal due process violation." Id. at 989; see also id. at 989-90 (dismissing federal claims and remanding state law claims to state court).[1] Nor does a violation of state law trigger the Fourth Amendment's exclusionary rule. See Virginia v. Moore, 553 U.S. 164, 176 (2008). Further, courts have held that jurisdictions generally may share evidence, lawfully seized, for use in criminal prosecutions. See, e.g., United States v. Joseph, 829 F.2d 724, 728 (9th Cir. 1987); United States v. Gargotto, 476 F.2d 1009, 1014 (6th Cir. 1973); Gullett v. United States, 387 F.2d 307, 308 n.1 (8th Cir. 1967). Defendant cites no case holding that something akin to an extradition or removal hearing must be held before property – as opposed to a person – can be transferred from one jurisdiction to another.

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 20) is adopted, and defendant's motion to suppress (R. 18) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of May, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[1]Defendant contends that the phones appear to be subject to forfeiture under Illinois law. However, the record discloses no civil or criminal forfeiture proceedings in the state or federal systems. Rather, the phones have been seized as evidence of a crime. Where property is seized for criminal investigatory purposes compliance with the Fourth Amendment satisfies pre-deprivation procedural due process. See, e.g., Sanders v. City of San Diego, 93 F.3d 1423, 1429 (9th Cir. 1996). At this point, defendant has not been permanently of his property interest in the phones.

2